UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDILBERTO VILLANUEVA-LOPEZ,

Petitioner,

v.

BRIAN ENGLISH, Warden of Miami
Correctional Facility,

Respondent.

CAUSE NO. 3:26cv240 DRL-SJF

OPINION AND ORDER

Immigration detainee Edilberto Villanueva-Lopez, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

The parties agree that Mr. Villanueva-Lopez is citizen of Mexico who entered the United States without inspection. He says he has been here since 2001. Immigration records reflect that he was arrested by United States Immigration and Customs Enforcement (ICE) agents in Chicago on October 19, 2025, as part of "Operation Midway Blitz," and removal proceedings were initiated against him at that time. He was subsequently transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. He argues that his detention violates applicable statutes and regulations and the Fifth Amendment's Due Process Clause. He seeks immediate release from custody or, alternatively, a custody redetermination hearing before an immigration judge.

In an order to show cause, the court directed the Warden to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25,

2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The Warden was instructed to address why this case differs from *Aguilar* (or *Singh*), why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently. The response has been filed, and the time has expired for Mr. Villanueva-Lopez to file a reply.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Villanueva-Lopez's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*,

2

161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decisions from the Fifth Circuit and Eighth Circuit. These opinions, together with others, illustrate just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

It seems no warrant was issued here. Mr. Villanueva-Lopez is unaware of an arrest warrant. The respondent usually will tell the court when there has been a warrant, but here the Warden does not argue there was one and does not produce one.[1] Mr. Villanueva-Lopez received a notice to appear in immigration court, but that differs from an administrative arrest warrant. *Compare* 8 C.F.R. § 236.1(b)(1) (describing arrest warrant as a "Form I-200, Warrant of Arrest") *with* 8 U.S.C. § 1229(a) (describing contents of "notice to appear").

---

[1] Mr. Villanueva-Lopez has the burden to show his entitlement to habeas relief, though the court may order a respondent, and occasionally does order a respondent, to produce necessary portions of the record to enable the court to understand facts and to rule on the petition's issues, without ever shifting that burden. *See, e.g., Martinez v. Hyde*, 792 F. Supp.3d 211, 223 (D. Mass. 2025). Here, the court ordered the Warden to produce "relevant immigration records, including without limitation any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a)" [3].

Warrantless arrests are permitted by statute only when certain conditions are met, such as when an ICE official personally witnesses a noncitizen attempting to enter the United States, or when an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). The Warden does not argue these preconditions exist here so as to authorize Mr. Villanueva-Lopez's detention under a statutory provision other than § 1225(b)(2). It would be inappropriate for the court, as a neutral arbiter, to construct arguments for the parties. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (party presentation rule).

Mr. Villanueva-Lopez has met his burden of showing a "deprivation of rights leading to unlawful detention." *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Without being dismissive of any worthy goals that might be achieved through the concerted enforcement of our immigration laws, both noncitizens and the government alike must comply with the laws as they are written and as they must work within constitutional demands. Whether the government might secure a warrant and rearrest him at or after his release and thus proceed under § 1226(a), that has not occurred yet. There may be wisdom in this to the extent serious criminal charges remain pending,[2] or this may otherwise be redundant of any detention process that might arise from such a proceeding, but such considerations remain entirely in the government's hands. Based on what the parties have presented to the court, the record leaves only one option—Mr. Villanueva-Lopez must be released until his removal status

---

[2] It seems charges for aggravated assault with a deadly weapon remain pending in Cook County, Illinois (with a status hearing scheduled in May 2026), whereas a prior controlled substance charge in another matter seems to have been dismissed without prejudice.

4

changes or until the government pursues another option.[3] The court will stay its order 48 hours in the event the government wishes to seek a warrant or to permit time to verify whether a detainer or other hold exists in Illinois or elsewhere.

For these reasons, the court:

(1) CONDITIONALLY GRANTS the petition for a writ of habeas corpus [1] and ORDERS the Warden to release Edilberto Villanueva-Lopez from federal custody, unless another detainer from his pending state charges exists (in which case he will be turned over to state authorities) or the government secures a warrant under 8 U.S.C. § 1226(a);

(2) STAYS this order until April 21, 2026 at 12:00 p.m. ET and ORDERS the Warden to certify compliance with this order by filing a notice with the court by **April 22, 2026** advising of the action taken; and

(3) DIRECTS the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction (with notice otherwise being sent to the United States Attorney's Office for this district via ECF).

SO ORDERED.

April 17, 2026                          *s/ Damon R. Leichty*
                                        Judge, United States District Court

---

[3] Because the court concludes that Mr. Villanueva-Lopez's detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument under Fifth Amendment due process. *See K.C. v. Individual Members of Med. Licensing Bd. of Ind.*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). It is also unnecessary to reach the Warden's argument that Mr. Villanueva-Lopez failed to exhaust a request for a bond hearing.